### (November 17, 1958)

■ DANIEL M. GANZ et al., Respondents, v. WILD DALE CONSTRUCTION CORP. et al., Defendants, and COUNTY OF NASSAU, Appellant.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument and for other relief denied, without costs. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of ALAN G. KRAEMER et al., Petitioners, against COUNTY COURT OF SUFFOLK COUNTY et al., Respondents.— Proceeding to prohibit the prosecution and hearing of appeals by the People from a determination of a village Police Justice, finding each petitioner not guilty after trial on a charge of trespass in violation of a village ordinance. (See People v. Kraemer, 7 Misc 2d 373.) After the appeals had been taken to the County Court the Police Justice amended his return so as to state that the " complaints" were " dismissed * * * as a matter of law ". The People claim the right to appeal under subdivision 3 of section 518 of the Code of Criminal Procedure, contending that the informations were dismissed " on a ground other than the insufficiency of the evidence adduced at the trial ". Petition granted to the extent of restraining the County Court of Suffolk County and the Hon. FRED J. MUNDER, as a Judge of said County Court, from taking further proceedings in the above-entitled appeals, except proceedings for the dismissal of said appeals. Under the facts the Trial Justice was without power to assign a different ground for the disposition of the case than had been stated after the conclusion of the trial. (People v. Gehlberd, 272 App. Div. 914.) But in any event, examination of the record shows that each information is not insufficient in law on its face, that evidence had been taken, and that upon such evidence the Trial Justice later based his determination. Evidence had been taken that the subject waters were navigable, that the public had used such waters for many years, and that each petitioner had anchored his boat for a short period of time. It is clear that the trier's determination was made on the basis of the insufficiency of the evidence. The discharge of petitioners after a trial upon which they were found not guilty constituted a judgment of not guilty, from which no appeal lies (Code Crim. Pro., § 518, subd. 5). Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ ABRAHAM KARP, Appellant, v. WILLIAM KARP et al., Respondents.— Motion for reargument denied, without costs. Stay granted pending an application to the Court of Appeals or a Judge thereof for a stay pending appeal to that court, provided such application be made on or before November 24, 1958. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.